John Coletta (JC 7522)
Hope M. Lloyd (HL 3720)
Attorneys for Broadcast Music, Inc.
320 West 57th Street
New York, New York 10019
(212) 830-2590

FILED
U.S. IN CLERK'S OFFICE
DISTRICT COURT E.D.N.Y
★ NOV 18 2009 ★
BROOKLYN OFFICE

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
BROADCAST MUSIC, INC.; WARNER-TAMERLANE )
PUBLISHING CORP.; RICK'S MUSIC, INC.; )
STEVE GREENBERG an individual d/b/a )
RED SEA SONGS; SONY/ATV SONGS LLC; ) CIVIL ACTION NO.:
BERNARD EDWARDS COMPANY LLC; ESTATE OF )
MAURICE ERNEST GIBB and ROBIN GIBB ) 
d/b/a GIBB BROTHERS MUSIC; BARRY ALAN ) COGAN, J.
GIBB, an individual d/b/a CROMPTON )
SONGS; MJ PUBLISHING TRUST d/b/a MIJAC ) 09 5056
MUSIC; SUMAC MUSIC, a division of )
LOVE-ZAGER PRODUCTIONS INC. )
                                        )
            Plaintiffs,                 )
                                        )
    v.                                  )
                                        )
120 BAY STREET CORP. d/b/a CARGO CAFÉ   )
and DAVID RABIN, individually,          )
                                        )
            Defendants.                 )
------------------------------------X

COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C.

Sections 101 <u>et</u> <u>seq.</u> (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff, Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 320 West 57th Street, New York, New York 10019. BMI has been granted the right to license the public performance rights in approximately 6.5 million copyrighted musical compositions (the "BMI repertoire"), including those which are alleged herein to have been infringed.

4. The other Plaintiffs are the owners of the copyrights in the musical compositions which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Defendant 120 Bay Street Corp. is a corporation organized and existing under the laws of the state of New York, which operates, maintains and controls an establishment known as Cargo Cafe, located at 120 Bay Street, Staten Island, New York 10301, in this district (the "Establishment").

6. In connection with the operation of this business, Defendant 120 Bay Street Corp. publicly performs musical compositions and/or causes musical compositions to be publicly

performed.

7. Defendant 120 Bay Street Corp. has a direct financial interest in the Establishment.

8. Defendant David Rabin is an officer of Defendant 120 Bay Street Corp. with primary responsibility for the operation and management of that corporation and the Establishment.

9. Defendant David Rabin has the right and ability to supervise the activities of Defendant 120 Bay Street Corp. and a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

10. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 9.

11. Plaintiffs allege seven (7) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

12. Annexed as the Schedule and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains

information on the seven (7) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information: Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the Registration number(s); Line 7 showing the date(s) of infringement; and Line 8 identifying the establishment where the infringement occurred.

13. Each of the musical compositions identified on the Schedule, Line 2, were created by the persons named on Line 3 (all references to Lines are lines on the Schedule).

14. On or about the dates indicated on Line 5, the publishers named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the numbers listed on Line 6.

15. On the dates listed on Line 7, Plaintiff BMI was and still is the licensor of the public performance rights in the musical compositions identified on Line 2. On the dates listed on Line 7, the Plaintiffs listed on Line 4 were and still are the owners of the copyright in the respective musical composition

listed on Line 2.

16. On the dates listed on Line 7, Defendants performed and/or caused the musical compositions identified on Line 2 to be publicly performed at the Establishment without a license or permission to do so. Thus, Defendants have committed copyright infringement.

17. The specific acts of copyright infringement alleged, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) That Plaintiffs have such other and further relief as is just and equitable.

Dated: November 17, 2009

By: _____
John Coletta (JC 7522)
Hope M. Lloyd (HL 3720)
Broadcast Music, Inc.
320 West 57th Street
New York, NY 10019
(212) 830-2590 telephone
(212) 397-0789 facsimile

Attorney for Plaintiffs

# Schedule

| Line 1 | Claim No. | 1 |
|---|---|---|
| Line 2 | Musical Composition | Ain't No Stoppin' Us Now |
| Line 3 | Writer(s) | John Whitehead; Gene McFadden; Jerry Cohen |
| Line 4 | Publisher Plaintiff(s) | Warner-Tamerlane Publishing Corp. |
| Line 5 | Date(s) of Registration | 1/2/79   6/13/79 |
| Line 6 | Registration No(s). | PAu 94-303  PA 47-091 |
| Line 7 | Date(s) of Infringement | 4/25/09 |
| Line 8 | Place of Infringement | Cargo Cafe |

| Line 1 | Claim No. | 2 |
|---|---|---|
| Line 2 | Musical Composition | Funkytown |
| Line 3 | Writer(s) | Steve Greenberg |
| Line 4 | Publisher Plaintiff(s) | Rick's Music, Inc.; Steve Greenberg, an individual d/b/a Red Sea Songs |
| Line 5 | Date(s) of Registration | 1/3/80 |
| Line 6 | Registration No(s). | PAu 167-962 |
| Line 7 | Date(s) of Infringement | 4/26/09 |
| Line 8 | Place of Infringement | Cargo Cafe |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Good Times a/k/a Rappers' Delight |
| Line 3 | Writer(s) | Nile Rodgers; Bernard Edwards |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC; The Bernard Edwards Company LLC |
| Line 5 | Date(s) of Registration | 6/27/79   6/16/81 |
| Line 6 | Registration No(s). | PA 37-207   PA 108-303 |
| Line 7 | Date(s) of Infringement | 4/26/09 |
| Line 8 | Place of Infringement | Cargo Cafe |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Stayin' Alive a/k/a Staying Alive |
| Line 3 | Writer(s) | Barry Gibb; Robin Gibb; Maurice Gibb |
| Line 4 | Publisher Plaintiff(s) | Estate of Maurice Ernest Gibb and Robin Gibb d/b/a Gibb Brothers Music; Barry Alan Gibb, an individual d/b/a Crompton Songs |
| Line 5 | Date(s) of Registration | 3/7/77   2/13/78<br>3/19/84   3/19/84 |
| Line 6 | Registration No(s). | Eu 761684   PA 178<br>PA 209-625   PAu 618-264 |
| Line 7 | Date(s) of Infringement | 4/26/09 |
| Line 8 | Place of Infringement | Cargo Cafe |

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | Wanna Be Startin' Somethin' |
| Line 3 | Writer(s) | Michael Joe Jackson |
| Line 4 | Publisher Plaintiff(s) | MJ Publishing Trust d/b/a Mijac Music |
| Line 5 | Date(s) of Registration | 11/16/82   12/27/82 |
| Line 6 | Registration No(s). | Pau 456-336   Pa 158-770 |
| Line 7 | Date(s) of Infringement | 4/26/09 |
| Line 8 | Place of Infringement | Cargo Cafe |

| | | |
|---|---|---|
| Line 1 | Claim No. | 6 |
| Line 2 | Musical Composition | You Should Be Dancing |
| Line 3 | Writer(s) | Barry Gibb; Maurice Gibb; Robin Gibb |
| Line 4 | Publisher Plaintiff(s) | Estate of Maurice Ernest Gibb and Robin Gibb d/b/a Gibb Brothers Music; Barry Alan Gibb, an individual d/b/a Crompton Songs |
| Line 5 | Date(s) of Registration | 7/21/76   5/31/77   3/19/84   3/19/84 |
| Line 6 | Registration No(s). | Eu 701122   Ep 369588   PAu 618-260   PA 209-608 |
| Line 7 | Date(s) of Infringement | 4/25/09 |
| Line 8 | Place of Infringement | Cargo Cafe |

| | | |
|---|---|---|
| Line 1 | Claim No. | 7 |
| Line 2 | Musical Composition | Let's All Chant |
| Line 3 | Writer(s) | Michael Zager; Alvin Fields |
| Line 4 | Publisher Plaintiff(s) | Sumac Music, a division of Love-Zager Productions Inc. |
| Line 5 | Date(s) of Registration | 4/10/78 |
| Line 6 | Registration No(s). | PA 24-158 |
| Line 7 | Date(s) of Infringement | 4/25/09 |
| Line 8 | Place of Infringement | Cargo Cafe |